IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH ANN VOICH, OC-4873,  )<br>　　Petitioner,　　　　　　　　　 )<br>　　　　　　　　　　　　　　　　 )<br>　　　v.　　　　　　　　　　　　 )  Civil Action No. 06-470<br>　　　　　　　　　　　　　　　　 )<br>RHODA A. WINSTEAD, et al.,　　 )<br>　　Respondents.　　　　　　　　 ) | |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Deborah Ann Voich for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied since the petition is time barred.

II. Report:

Deborah Ann Voich, an inmate at the State Correctional Institution at Cambridge Springs has presented a petition for a writ of habeas corpus. Voich is presently serving three consecutive six to eighteen month sentences to be followed by twenty years of probation following her conviction upon a plea of guilty to charges of theft, receiving stolen property, forgery and criminal attempt at Nos. CC 19931206 and 8602812 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on May 4, 1994.[1]

An unsuccessful appeal was taken to the Superior Court and leave to appeal to the

---

[1] See: Petition at ¶¶ 1-6.

Pennsylvania Supreme Court was denied in 1995.[2]  In 1995, the petitioner unsuccessfully sought modification of her sentence.[3] No further relief was sought.[4]

The petitioner now seeks relief in this Court and in support of her claim contends she is entitled to relief on the grounds of:

    1. Ineffective assistance of counsel.

    2. The imposition of a harsh and unreasonable sentence.

    3. Abuse of discretion by the trial judge.

    4. Merger of offenses.

    5. Illegal sentence.

    6. Unreasonable period of probation imposed.

    7. Imposition of separate punishments for merged offenses.[5]

The petitioner also concedes that only the first argument has been previously raised in the courts of the Commonwealth.[6]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct

---

[2] See: Petition at ¶¶ 10,12.

[3] See: Petition at ¶ 12.

[4] See: Petition and Docket of the Court of Common Pleas of Allegheny County, Pennsylvania.

[5] See: Petition at ¶¶ 13,14.

[6] See: Petition at ¶ 14.

review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the Pennsylvania Superior Court affirmed the direct appeal and leave to appeal to the Pennsylvania Supreme Court was denied in 1995. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for discretionary review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final no later than March 30, 1996. The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The instant petition was executed on January 25, 2006, or almost nine years after it could have been submitted here, or considerably in excess of the one year period in which to seek relief had expired, and the petition here is time barred.

Additionally, it should also be noted that there was no impediment created by state law which prevented the petitioner from raising the issues which she seeks to raise here; the grounds which the petitioner alleges in support of the instant petition are not "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" and there is no factual basis for alleging a newly discovered claim. Thus, the instant petition is time barred.

The petitioner is put on notice of this proposed recommendation and in the objection process can provide the Court with any appropriate response she deems appropriate as mandated by the decision in <u>United States v. Bendolph</u>,     F.3d     (3d.Cir.2005).

For this reason, it is recommended that the petition of Deborah Ann Voich for a writ of habeas corpus be dismissed, and that a certificate of appealability be denied.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                  Respectfully submitted,

                                                  s/Robert C. Mitchell,

Dated: April 20, 2006                          United States Magistrate Judge